**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHAD POIRIER, *as the duly appointed administrator of THE ESTATE OF O.P., an infant*,

No. 8:25-CV-0339 (AMN/PJE)

Plaintiff,

v.

CHAZY RURAL SCHOOL DISTRICT, et al.,

Defendants.

---

| **APPEARANCES:** | **OF COUNSEL:** |
| --- | --- |
| Bailey, Johnson & Peck, P.C.<br>5 Pine West Plaza, Suite 507<br>Washington Avenue Extension<br>Albany, New York 12205<br>& | JOHN W. BAILEY, ESQ. |
| Rosenberg & Ball Co. Lpa<br>205 South Prospect Street<br>Granville, Ohio 43023<br>& | ERIC J. ROSENBERG, ESQ. |
| Offit Kurman<br>590 Madison Ave., 6th Floor<br>New York, New York 10022<br>Attorneys for the plaintiff | KIMBERLY C. LAU, ESQ. |
| McGivney, Kluger & Cook, P.C.<br>290 W. Mt. Pleasant Avenue - Suite 2210<br>Livingston, New Jersey 07039<br>&<br>1001 Conshohocken State RD, 2-107<br>Conshohocken, Pennsylvania 19428<br>&<br>33 Whitehall Street - 16th Floor<br>New York, New York 10004 | MARC C. PAKRUL, ESQ.<br>GARY J. INTOCCIA, ESQ.<br>STEFANIE A. BAROUTOGLOU, ESQ.<br>JOHN P. UETZ, ESQ.<br>MATTHEW L. WILLIAMS, ESQ. |

Fitzgerald Morris Baker Firth, P.C.
68 Warren Street
Glens Falls, New York 12801
Attorneys for the defendants

JOHN D. ASPLAND, ESQ.
ANNA BOWDEN, ESQ.

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## DECISION & ORDER

Pending before the Court is Defendants' motion for leave to file a third-party complaint adding O.P.'s parents and several related businesses and corporate entities to this action. *See* Dkt. Nos. 68, 84, 93. Defendants maintain that the proposed third-party defendants may be liable for all or part of any damages ultimately assessed against them. However, the Court's deadline for joinder of parties and amendment of pleadings had expired before Defendants sought leave; thus, Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 16(b)(4) governs the threshold question. As Defendants have not shown good cause to modify the scheduling order, the Court denies the motion without reaching the parties' remaining disputes regarding futility and the ultimate viability of the proposed claims.

### I. **Background**

#### A. **The Underlying Action**

Plaintiff Chad Poirier, as administrator of the Estate of O.P., commenced this action following the death of his fifteen-year-old son, O.P. *See generally* Complaint, Dkt. No. 1. Plaintiff alleges that the Defendants mishandled their investigation of allegations that O.P. engaged in sexual misconduct with another student on a school bus and wrongfully disciplined him on October 16, 2023. *See id.* Plaintiff alleges that the investigation and disciplinary proceeding caused or contributed to O.P.'s subsequent death and asserts claims, including violations of Title IX, denial of procedural due

process and equal protection, wrongful death, and abuse of process. *See id.* Defendants deny those allegations and any liability for O.P.'s death. *See generally* Answer, Dkt. Nos. 9, 27. Their proposed third-party claims concern events occurring after O.P. left school with his parents on October 16, 2023, including his supervision and subsequent access to the firearm used in his death. *See* Dkt. No. 93-3.

### B. The Scheduling Order and Deadline for Joinder of Parties and Amendment of Pleadings

On June 5, 2025, the parties filed a proposed Civil Case Management Plan. *See* Dkt. No. 30. All parties appeared through counsel at a June 16, 2025, Rule 16 conference. Deadlines were discussed, and, on June 27, 2025, the Court issued a Uniform Pretrial Scheduling Order. *See* Dkt. No. 32. Relevant to this motion, the Court set the deadlines for joinder of parties and amendment of pleadings for July 31, 2025. *See id.* The earliest version of the present motion was filed on February 26, 2026, almost seven months after the deadlines expired.

### C. Defendants' Third-Party Motions

Defendants filed first motion for leave to file a third-party complaint on February 26, 2026. *See* Dkt. No. 68. The third-party complaint sought to bring into the action: Chad and Tammy Poirier; Poirier's True Value; Rene's Repair, Inc.; True Value Company; Do It Best, Inc.; and unidentified ABC Partnerships 1-10 and XYZ Corporations 1-20. See generally Dkt. No. 68-1. The complaint's factual theory focused on the time period after O.P. left school on October 16, 2023. *See id.* It alleged that Chad and Tammy Poirier, O.P.'s parents, had sole or exclusive custody and supervision of him from approximately 11:00 A.M. until approximately 4:00 P.M., when he engaged in self-harm. *See id.* It further alleged that O.P. obtained the firearm used in his death

from Poirier's True Value and/or Rene's Repair, and that the proposed third-party defendants bore responsibility for supervising O.P., safeguarding the firearm, or preventing his access to it. *See id.* The complaint further alleged that any injuries and damages were caused, at least in part, by the third-party defendants' negligence or other culpable conduct. *See id.* Based on those allegations, Defendants asserted claims sounding in negligence, negligent supervision, negligent security, contribution, and indemnification, contending that the proposed third-party defendants' conduct concerning O.P.'s supervision and access to the firearm caused or contributed to the injuries for which Plaintiff seeks to hold defendants liable. *See id.*

Defendants submitted a revised proposed third-party complaint on April 29, 2026. *See* Dkt. No. 84-1. According to Defendants, that revision was intended primarily to reframe and supplement the allegations against Chad and Tammy Poirier and to add Heatwave Stoves & Fireplace as a proposed third-party defendant because it allegedly occupied the same premises implicated in O.P.'s access to the firearm. *See* Dkt. No 84 at 1. The revision supplemented the factual allegations concerning the parents' supervision of O.P. and the circumstances surrounding the premises and firearm. *See* Dkt. Nos. 84-1, 93-1 at 2. It asserted theories of negligent entrustment and premises liability. *See* Dkt. No. 84-1 at 11, 12. In preparing the second version, True Value Company and Do It Best, Inc. were omitted from the caption and substantive allegations. *See id.* at 3. The following day, Plaintiff responded to Defendants' April 29th revisions, generally disagreeing with Defendants' description of the scope of the amendments, but agreeing to the substitution of the Amended Third-Party Complaint for the Original Third-Party Complaint if Defendants confirmed they were abandoning their

claims against Third-Party Defendants True Value Company and/or Do It Best, Inc. *See* Dkt. No. 85.

Two weeks later, with no response from the Defendants to Plaintiff's proposition, the Court, in a Text Order dated May 13, 2026, accepted the second version of the Defendants' third-party complaint as the operative version under consideration in connection with the February 26, 2026, pending motion. *See* Dkt. No. 92. That same day, after receiving the Court's Text Order, apparently having "not recognized Plaintiff's counsel's mention of the issue in [dkt. no. 85]," Defendants filed a motion for leave to file a second amended third-party complaint, claiming inadvertent excision of the two franchisor/parent entities. *See* Dkt. Nos. 93, 93-1 at 3.

The final version of the proposed third-party complaint restores True Value Company and Do It Best, Inc. It appears, as Defendants assert, the latest version of the third-party complaint is otherwise substantively identical to the April 29th pleading in all material respects. *See* Dkt. No. 93-1 at 4, ¶16.

D. **The Parties' Positions**

Plaintiff argues that Defendants' request to file a third-party complaint is untimely because the Court's July 31, 2025, deadline for joinder of parties and amendment of pleadings expired well before Defendants sought leave in February 2026. *See* Dkt. No. 74 at 29. Plaintiff contends that Defendants cannot establish good cause under Rule 16(b)(4) because the information underlying their proposed third-party claims was available before the deadline. *See id.* In particular, Plaintiff points to Defendants' assertion of an Article 16 comparative-fault defense in their Answer and their longstanding knowledge of the Poirier family businesses. *See id.* Plaintiff, therefore,

maintains that Defendants could have investigated and pursued contribution or other third-party claims within the the scheduling order's timeframe and have offered no sufficient explanation for failing to do so. Plaintiff argues that the failure to act despite possessing the information necessary to formulate the claims defeats a showing of good cause. *See id.* Plaintiff also challenges the merits of the third-party complaint, chiefly alleging that the causes of action asserted against the third-party businesses are futile and thus fail under Fed. R. Civ. P. 12(b)(6). *See id.* at 8-28.

Defendants contend that current counsel acted promptly after undertaking a comprehensive review of the case and that the proposed third-party theories continued to develop as counsel investigated the circumstances surrounding O.P.'s supervision, the premises, and firearm access. *See* Dkt. Nos. 68 at 9, 93-2 at 7. They further rely on Rule 15's liberal amendment standard and argue that the successive pleadings reflect permissible refinement rather than undue delay. *See id.* They assert the timing of their motion, before the close of discovery and before trial, supports their position that the motion is not due to deliberate delay or neglect. *See id.* Defendants do not directly address Plaintiff's contention that Rule 16(b)(4) governs because the July 31, 2025, deadline had expired, nor do they identify any material fact necessary to the original third-party claims that was unavailable or could not reasonably have been discovered before that deadline. *See generally* Dkt. Nos. 68, 93-2.

## II. **Legal Standard**

Rule 14(a) governs a defendant's request to implead a nonparty who may be liable to it for all or part of the plaintiff's claim. *See* FED. R. CIV. P. 14(a). Where, however, a scheduling order establishes a deadline for joining additional parties and

that deadline has expired, the movant must first establish good cause under Rule 16(b)(4). Only if good cause is shown does the Court proceed to the discretionary Rule 14 inquiry and, where applicable, Rule 15. Fed. R. Civ. P. 16(b)(1) requires a Court to issue a scheduling order. *See* Fed. R. Civ. P. 16(b)(2) requires the order be issued as soon as practicable. The order must, among other requirements, limit the time to join other parties and amend the pleadings. *See* Fed. R. Civ. P. 16(b)(3). After a court has entered a case management plan, it may be modified only for good cause and with the judge's consent. *See* Fed. R. Civ. P. 16(b)(4). "Rule 16's good cause standard applies to motions to implead if the case management order sets a deadline for such motions." *New York Bay Capital, LLC v. Cobalt Holdings, Inc.*, No. 1:19-CV-3618-GHW, 2020 WL 3181661, at 2 (S.D.N.Y. June 12, 2020). "The Second Circuit has explained that Rule 16(b) was 'designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed.'" *Harris v. Speedway LLC*, 349 F.R.D. 72, 76 (W.D.N.Y. Mar. 10, 2025) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (internal quotations omitted)). The movant bears the burden of establishing good cause. *See Parker*, 204 F.3d at 340.

"Courts have held that a party 'cannot demonstrate good cause [when] the information needed to bring the now-pending impleader motion was within [its] knowledge before the applicable deadline.'" *Costin v. Glens Falls Hosp.*, No. 1:22-CV-296 (MAD/CFH), 2026 WL 861080, at 12 (N.D.N.Y. Mar. 30, 2026) (quoting *Harris v. Speedway LLC*, No. 24-CV-6109, 2025 WL 1202237, at *4 (W.D.N.Y. Mar. 10, 2025) (citing *Red Rock Sourcing, LLC v. JGX, LLC*, No. 21-CV-1054, 2025 WL 524024, at 4 (S.D.N.Y. Feb. 18, 2025) ("If the moving party 'seeks to add claims based on facts it

knew or should have known at the time of the [relevant] deadline, it likely failed to act with sufficient diligence to satisfy Rule 16(b)'")).

Although "the 'primary consideration' in determining whether a scheduling order should be modified is 'whether the moving party can demonstrate diligence,' other relevant factors include 'whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.'" *Riggs v. City of Syracuse*, No. 5:25-CV-515 (ECC/MJK), 2026 WL 1704958, at *2 (N.D.N.Y. June 12, 2026) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). A district court has "broad discretion in deciding whether good cause exists to amend the scheduling order." *Tatintsian v. Vorotyntsev*, No. 16-cv-7203, 2024 WL 4467626, at *1 (S.D.N.Y. Oct. 9, 2024) (citation omitted).

## III. **Discussion**

### A. **Defendants Were Required to Establish Good Cause Under Rule 16(b)(4)**

The Uniform Pretrial Scheduling Order established July 31, 2025, as the deadline for joinder of parties and amendment of pleadings. Defendants did not move for leave to file a third-party complaint until February 26, 2026, nearly seven months later. The subsequently revised proposed pleadings were filed later still. Accordingly, Defendants must establish good cause under Rule 16(b)(4) before the Court may consider whether impleader is otherwise proper.

### B. **Defendants Have Not Shown That They Could Not Have Met the Deadline Through Diligence**

The essential facts underlying the proposed third-party claims were known or reasonably discoverable before the deadline expired. That O.P.'s parents took custody of him after the October 16, 2023, disciplinary meeting and that they owned a number of

family businesses were facts alleged in the Complaint. *See* Dkt. No. 1. Defendants' assertion of an Article 16 comparative-fault defense in their Answer further supports the conclusion that, from the outset of the litigation, they were contemplating the potential fault of persons or entities other than themselves.

Defendants' own explanation reinforces the conclusion that the essential facts underlying the proposed third-party claims were known or reasonably discoverable before the deadline expired. They state that "the Chazy Defendants promptly took initiative to file a Third-Party Complaint under the representation of new counsel" and that new counsel prepared the pleading after "assessing the allegations and information regarding the events that transpired." Dkt. No. 68 at 9. New counsel's re-assessment of the "allegations and information regarding the events that transpired" does not establish good cause. Defendants do not contend that the allegations and information new counsel reviewed were unavailable to Defendants before the deadline nor identify any reason they could not have been investigated earlier. *See Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, No. 1:15-CV-2457-GHW, 2019 WL 1245013, at *4 (S.D.N.Y. Mar. 18, 2019), *aff'd*, 850 F. App'x 38 (2d Cir. 2021) (citing *Scott v. New York City Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011) (summary order) (affirming denial of motion to amend scheduling order because "apparent negligence of [the plaintiff's] former attorney was not sufficient to establish 'good cause' for amending" under Rule 16(b)); *see also Field Day, LLC v. County of Suffolk*, No. 04 CV 2202 (DRH) (ETB), 2013 WL 55697, *3 (E.D.N.Y. Jan. 3, 2013) ("[T]he fact that new counsel seeks to plead claims that prior counsel passed on does not establish good cause"). Thus, current counsel's diligence

after it undertook its review does not establish that Defendants themselves could not, through reasonable diligence, have met the Court's July 31, 2025, deadline.

Defendants do not identify when they first learned that O.P. allegedly obtained the firearm from the business premises, when they first learned the circumstances of its storage or access, or what investigation undertaken before July 31, 2025, would have been insufficient to uncover those facts. Because Defendants bear the burden of establishing good cause, the absence of such a showing is significant. Their later development and refinement of those theories does not establish that the deadline itself could not have been met with diligence. Nor does the later formulation of negligent entrustment or premises liability theories establish that the factual basis for impleader was unavailable before the deadline.

The Court observes that permitting the proposed third-party pleading at this stage would expand the scope of the litigation by adding multiple parties and additional theories of liability, likely requiring additional discovery and motion practice. Plaintiff has identified the resulting potential for delay and increased litigation expense. Although prejudice is not the primary consideration under Rule 16(b)(4), it is a relevant factor and provides additional support for denying a motion to modify the scheduling order. *See Kassner*, 496 F.3d at 244.

As Defendants have not shown good cause under Rule 16(b)(4) to modify the expired scheduling deadline, the Court need not reach the merits of the proposed third-party claims. The Court, therefore, expresses no view as to whether the proposed claims satisfy Rule 14(a), whether the proposed third-party defendants owed any cognizable duty under New York law, whether the allegations are sufficient to overcome

Plaintiff's futility arguments, or whether the contribution and indemnification theories would ultimately survive a motion to dismiss.

## IV. Conclusion

Accordingly, it is hereby **ORDERED**, that Defendants' motion(s) for leave to file a third-party complaint, Dkt. Nos. 68, 93[1] is **DENIED**.

Dated: August 17, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

[1] The Court has considered Defendants' filings at docket numbers 68, 84, and 93. To the extent docket number 93 seeks to replace docket number 84, the Court grants that request. The fact that docket number 68 was filed earliest does not change the analysis because each motion was filed after the expiration of the applicable scheduling order deadline. Accordingly, the Rule 16(b)(4) analysis applies equally to each version.