MKCI McGivney Kluger Clark & Intoccia, P.C.
A COMMITMENT TO EXCELLENCE

**33 WHITEHALL STREET, 16TH FLOOR**
**NEW YORK, NEW YORK 10004**
**(212) 509-3456 – TELEPHONE**
**(212) 509-4420 – FACSIMILE**
**www.mkcilaw.us.com**

August 26, 2026

**VIA ECF**
Honorable Paul J. Evangelista
United States District Court
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

**Re: Chad Poirier v. Chazy Rural Central School District et al.**
**Civil Case No.: 8:25-CV-339 (AMN/PJE)**
**MKCI File No.: 4184-0470**

Dear Judge Evangelista:

Please be advised that we represent the Defendants, Chazy Rural School District, the Board of Education of the Chazy Rural School District, Stanley Maziejka and Robert McAuliffe ("Chazy Defendants") in the above referenced matter.

We write to advise the Court that the Chazy Defendants intend to file a motion for reconsideration of the Court's August 17, 2026 Order denying the Chazy Defendants' motion for leave to file a Third-Party Complaint, and to seek the Court's guidance on a procedural question the Local Rules present.

Under Local Rule 7.1(g), motions for reconsideration are governed by Local Rule 60.1, which requires that a motion for reconsideration be filed "no later than fourteen days after the entry of the challenged judgment, order, or decree." Fourteen days from the August 17, 2026 Order is Monday, August 31, 2026. The Chazy Defendants intend to file by that date.

However, Local Rule 60.1 also provides that "all motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2)." Those rules provide that prior to making any non-dispositive motion before the assigned Magistrate Judge, the parties must make good faith

efforts among themselves to resolve or reduce all differences relating to the non-dispositive issue, and that if the parties cannot resolve the matter, "the party seeking relief must then request a court conference with the assigned Magistrate Judge."

The Rule states that "a court conference is a prerequisite to filing a non-dispositive motion before the assigned Magistrate Judge," and that the Notice of Motion must set forth the date the conference was held.

Read together, these provisions appear to be in tension. The meet and confer and court conference process contemplated by Local Rule 7.1(a)(2) ordinarily unfolds over a timeline longer than the fourteen day window Local Rule 60.1 allows for a motion for reconsideration.

Nonetheless, on a plain reading of the Rules, Local Rule 60.1's incorporation of Local Rule 7.1(a)(2) appears to require the meet and confer and a request for a court conference before a motion for reconsideration is filed.

Consistent with Local Rules, the Chazy Defendants have already begun the good-faith conferral process, having emailed Plaintiff's counsel today, August 26, 2026. Counsel is scheduled to speak on August 27, 2026. Thus, the Chazy Defendants will continue to confer in good faith with Plaintiff's counsel and will file their motion for reconsideration on or before the August 31, 2026 deadline in order to preserve its timeliness unless the Court advises that the filing deadline will be held in abeyance.

Thank you in advance for Your Honor's time and consideration to this matter.

Respectfully Submitted,

**McGIVNEY KLUGER CLARK & INTOCCIA, P.C.**

*Marc C. Pakrul*
MARC C. PAKRUL, ESQ.

MCP
cc: All parties via ECF