ROSENBERG & BALL CO., LPA

ERIC ROSENBERG, ESQ.
Direct Dial: 740.644.1027
erosenberg@rosenbergball.com

October 26, 2026
Sent Electronic Filing

The Honorable Paul J. Evangelista
U.S. Northern District of New York
James T. Foley U.S. Courthouse
455 Broadway Albany, New York 12207

**Re: Plaintiff's Request for Leave To Supplement Plaintiff's Motion To Compel in Poirier v. Chazy Rural School District, No. 8:25-cv-00339-AMN-PJE**

The Honorable Paul J. Evangelista:

Plaintiff respectfully requests permission to file a five-page supplemental memorandum, with selected supporting exhibits, concerning Plaintiff's Motion To Compel in Docket 81 and the supporting Memorandum of Law in Docket 81-18 (the "Motion"). Plaintiff seeks this leave to provide this court with 370 pages of previously unavailable records from the United States Department of Education ("DOE"), Office for Civil Rights ("OCR"). OCR provided these documents in response to a subpoena Plaintiff issued to DOE in July 2025. The records are Bates-stamped *Poirier Production pp. 3230–3599* (the "DOE Production") and attached as an exhibit to this letter. They do not require sealing because OCR produced them in redacted form pursuant to Plaintiff's Freedom of Information Act (FOIA) request which Plaintiff agreed to use instead of the broader requirements of the subpoena.

The DOE Production materially reinforces the Motion's showing that the Chazy Defendants are withholding responsive discovery and that a targeted forensic search and appropriate sanctions are necessary.

First, the DOE Production identifies responsive records that Chazy indisputably possessed, collected, and transmitted to OCR. OCR's April 1, 2024 data request required Chazy to produce all formal and informal complaints, internal emails, memoranda, investigative reports, witness statements, interview notes, findings, disciplinary records, parent contacts, logs, meeting minutes, and the "complete case file" concerning the relevant complaints. *Poirier Prod. pp. 3230–3236.* Chazy's counsel then represented to OCR that responsive materials had been uploaded through numbered SharePoint folders. Most significantly, counsel directed OCR to "SharePoint 8" for parent correspondence, notices of findings, and the complete complaint files. *Id. at pp. 3265–3273.* OCR later confirmed that it had received multiple numbered data sets and a DASA report form from Chazy and asked District counsel to upload the missing SharePoint 8 materials. *Id. at pp. 3256–3257.*

Second, the DOE Production contains Chazy email chains concerning complaints of sexual misconduct, retaliation, harassment, bullying, victim safety, and the District's investigation and response. *See, e.g., id. at pp. 3418–3462.* These include a parent's "Concerns and Hope for a Safer School Environment," the District's response to "Urgent Concerns Regarding Ongoing Bullying and Lack of Support," and internal communications acknowledging that repeated allegations had been reported and investigated. *Id. at pp. 3426–3435, 3452–3453, 3458–3462.* Plaintiff's preliminary comparison indicates that responsive DOE materials—including District-originated correspondence and complaint-related records—were not included in Chazy's 8,323-page production, although they fall squarely within the discovery Chazy agreed to produce under the stipulation in Docket 64.

These records strengthen the Motion's bad-faith showing. Chazy has argued that it produced all responsive materials in its possession and that any remaining gaps are speculative or isolated. But the DOE Production shows that Chazy had already assembled organized repositories of responsive materials for a federal investigation and transmitted responsive District records to OCR. Chazy's failure to produce those same records here cannot be explained merely by the nonexistence of documents or uncertainty over possession, custody, or control. It also casts substantial doubt on the completeness of Chazy's representations concerning its search and production.

The DOE Production likewise confirms the need for the forensic relief requested in the Motion. A third-party subpoena located responsive Chazy emails and complaint files that Chazy's own collection did not produce. This concrete discrepancy demonstrates that custodian self-searches and counsel's present assurances are insufficient. A targeted search of the electronically stored information of the Key Individuals, using agreed search terms and a defined ESI protocol, followed by a custodian or forensic-expert affidavit and production of all nonprivileged responsive materials, is the most reliable and proportional method to determine the true scope of the withholding.

Finally, the new evidence supports the Motion's request for sanctions and fees. Plaintiff was required to subpoena a federal agency, wait more than a year for its response, and review a separate 370-page production to obtain responsive Chazy records that should have been produced directly in this litigation. Those additional expenses and delays are precisely the prejudice addressed in the Motion. The supplemental submission will not expand the relief requested; it will provide newly obtained evidence directly bearing on Chazy's assertions of completeness, good faith, and proportionality.

Plaintiff therefore requests leave to file the supplemental memorandum and selected DOE exhibits within ten days of the Court's ruling on this request.

Sincerely,

*/s/ Eric Rosenberg*
Eric Rosenberg

CC: All parties as indicated in CM/ECF System for Case 8:25-cv-00339.