**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHAD POIRIER, *as the duly appointed Administrator of the* ESTATE OF O.P.*, an infant*,

Plaintiff,

v.

No. 8:25-CV-339 (AMN/PJE)

CHAZY RURAL SCHOOL DISTRICT, et al.

Defendants.

---

| **APPEARANCES**: | **OF COUNSEL:** |
| --- | --- |
| John W. Bailey<br>Bailey, Johnson & Peck, P.C.<br>5 Pine West Plaza, Ste. 507<br>Albany, New York 12205<br>Counsel for Plaintiff | JOHN W. BAILEY, ESQ. |
| Rosenberg & Ball Co. Lpa.<br>205 South Prospect Street<br>Granville, Ohio 43023<br>Attorneys for plaintiff | ERIC J. ROSENBERG, ESQ. |
| Offit Kurman<br>590 Madison Ave., 6th Fl.<br>New York, New York 10022<br>Attorneys for plaintiff | KIMBERLY C. LAU, ESQ. |
| McGivney, Kluger & Cook, P.C.<br>290 W. Mt. Pleasant Avenue, Ste. 2210<br>Livingston, New Jersey 07039<br>&<br>10001 Conshohocken Rd., 2-107<br>Conshohocken, Pennsylvania 19428<br>&<br>33 Whitehall Street, 16th Fl.<br>New York, New York 10004<br>Attorney for defendants | GARY J. INTOCCIA, ESQ. |

**PAUL J. EVANGELISTA**
**UNITED STATES MAGISTRATE JUDGE**

## MEMORANDUM-DECISION & ORDER

Chazy School District defendants move, pursuant to Northern District of New York Local Rule 60.1, for reconsideration of the Court's August 17, 2026, Decision & Order, Dkt. No. 113, which denied defendants' motion for leave to file a third-party complaint adding O.P.'s parents and several businesses they own or are connected to. *See* Dkt. No. 116. Plaintiff opposes the motion. *See* Dkt. No. 117. Defendants reply. *See* Dkt. No. 120.

### I. Legal Standard

"The standards for motions for reconsideration under local district court rules are very similar to those used for motions to reconsider under [Federal] Rule [of Civil Procedure] 60(b)." *Mid Atl. Framing, LLC v. AVA Realty Ithaca, LLC*, No. 3:13-CV-01376 (MAD/DEP), 2018 WL 3717391, at *1 (N.D.N.Y. Aug. 3, 2018); *see also* N.D.N.Y. L.R. 60.1, 7.1. "A motion for reconsideration may be granted upon one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Shannon v. Verizon New York, Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). As this Court has held,

> this is a demanding standard. It is not enough . . . that [the moving party] could now make a more persuasive argument . . . . "[M]ere doubt on our part is not enough to open [up] the point for full reconsideration." The law of the case will be disregarded only when the court has "a clear conviction of error" with respect to a point of law on which its previous decision was predicated. *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981) (Friendly, J.) (citations omitted) (quoting *White v. Higgins*, 116 F.2d 312, 317 (1st Cir. 1940), and *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964) (Friendly, J.)). A simple difference of opinion, no matter how deep it runs,

> will not warrant reconsideration. "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *In re C-TC 9th Ave. Partnership*, 182 B.R. at 3.

*United States v. Chiochvili*, 103 F. Supp. 2d 526, 528 (N.D.N.Y. 2000); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting the standard for a granting a motion to reconsider is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). "A clear error of the law exists where the Court has overlooked or misapplied controlling legal authority." *Duhaney v. Kinexion, Inc.*, 839 F. Supp. 3d 154, 161 (E.D.N.Y. 2026) (citing *Berkley Specialty Ins. Co. v. Midwest Welding, LLC*, No. 19-CV-233 (RJD/JRC), 2022 WL 17418890, at *1 (E.D.N.Y. Nov. 18, 2022)).

> It is clear that the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision: in other words, an obvious and glaring mistake. Motions for reconsideration allow the district court to correct its own mistakes, not those of the Parties.

*Levin v. Gallery 63 Antiques Corp.*, No. 04 Civ. 1504, 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) (internal quotation marks and citations omitted). "It is widely held that a motion to reconsider is not the moving party's 'opportunity to put forward evidence that they could have, but failed, to provide the Court when the Court initially considered the motion.'" *Duhaney v. Kinexion, Inc.*, 839 F. Supp. 3d 154, 160 (E.D.N.Y. 2026) (quoting *Muyet v. United States*, Nos. 03-CV-4247 (PKL), 95-CR-941 (PKL), 2009 WL 2568430, at *3 (S.D.N.Y. Aug. 19, 2009)); *In re New York Community Bancorp, Inc. Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007) ("'A motion for reconsideration should be granted

only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision.'") (quoting *In re Worldcom, Inc. Sec. Litig.*, 308 F.Supp.2d 214, 224 (S.D.N.Y. 2004) *vacated and remanded on other grounds In re WorldCom Sec. Litig.*, 496 F.3d 245 (2d Cir. 2007)). Thus, "'[A] motion for reconsideration should not be granted when the moving party seeks solely to relitigate an issue already decided.'" *Shannon*, 519 F. Supp. 2d at 307 (quoting *Shrader*, 70 F.3d at 257 (additional citation omitted)). The decision of whether to grant a motion for reconsideration is within the "sound discretion of the district court." *In re New York Community Bancorp, Inc. Sec. Litig.*, 244 F.R.D. at 159 (citing *Devlin v. Trans. Comms. Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999)).

## II. **Arguments**[1]

Defendants assert that this Court, in denying their motion to file a second amended third-party complaint, "failed to address," "overlooked," or "disregarded," "the long-held position expressed in the United States Court of Appeals for the Second Circuit and in district courts in the Second Circuit" stating that, even where a Court finds there existed no good cause, it has the discretion to consider whether (1) the proposed amendments were futile, (2) plaintiff would be prejudiced, or (3) the interests of judicial economy would be served in permitting the amendments. Dkt. No. 116 at 6-7, 9. Thus, defendants argue that the Court should set aside the August 17, 2026, Decision & Order "based upon clear error and in the interest of judicial economy." *Id.* at 8, 9.

---

[1] The Court's citations to the parties' briefing are to the pagination generated by the Court's electronic filing program, located at the header of each page.

Defendants contend that they "arguably may not have demonstrated good cause" but that "the case law supports granting reconsideration and allowing the motion to implead the third-parties given the early stage of this litigation" to "streamline" the litigation and avoid "circuitous litigation" and "multiple lawsuits" in state and federal court. Dkt. No. 116 at 8-9. Defendants recognize they "will be able to seek contribution and indemnification after a judgment is entered," but opine that it "makes far better sense for these issues to be decided in one action." *Id.* at 11. Defendants assert that the absence of prejudice to plaintiff, the early stages of discovery, and considerations of judicial economy renders the Court's alleged failure to address this case law and consider the additional factors, notwithstanding the absence of good cause, clear error. *See id.* at 14.

Plaintiff first asserts that defendants did not argue that the Court erred in concluding that defendants did not demonstrate good cause. *See* Dkt. No. 117 at 5. Plaintiff asserts that defendants have demonstrated no basis for reconsideration; rather, they seek "a different exercise of discretion, not correction of clear error." *Id.* at 4, *see also id.* at 1. Plaintiff argues that the cases defendants cite in their motion for reconsideration "were available when they sought leave. Yet their original filings did not directly address Plaintiff's Rule 16(b)(4) argument or identify any material fact necessary to impleader that was unavailable before the deadline. Reconsideration cannot be used to supply the Rule 16 analysis that Defendants omitted from their original presentation." *Id.* Plaintiff argues that the Court properly found that defendants did not demonstrate good cause, as defendants concede, which confirms "that the Court reached, at a minimum, a permissible discretionary result – not clear error." *Id.* at 2. Plaintiff argues

that the case law defendants cite "merely recognize[s]" that the Court has discretion to permit an untimely amendment even where the movant had not demonstrated good cause. *See id.* Plaintiff further asserts that the Court did consider prejudice but denied leave to amend after finding no good cause. *See id.* at 3.

Plaintiff also disputes defendants' description of the state of discovery and prejudice to plaintiff. *See* Dkt. No. 117 at 12-13. Plaintiff asserts that the possibility of multiple separate actions does not meet any of the factors required to warrant reconsideration. *See id.* at 13-14. Accordingly, plaintiff urges the Court to deny the motion for reconsideration. *See id.* at 3.

In reply, defendants confirm that they do not "seek to prove that good cause existed" for the delay; rather, defendants "ask the Court to grant reconsideration of the order denying leave to amend because there is no prejudice." Dkt. No. 120 at 4. Defendants attest, "judicial economy and the lack of prejudice supersede the late filing." *Id.* at 5. Defendants again argue that denial of the motion would mean that the defendants would be required to engage in separate litigation against the third-party defendants. *See id.*

## III. **Discussion**

Instructive is defendants' own language: "such motions *may* be granted based upon the lack of prejudice to the opponents of the motion. Indeed, the courts have found that they have the *discretion* to grant motions bought after the deadline set in the scheduling order." Dkt. No.120 at 5 (emphases added) (citing *Kassner*, 496 F.3d at 244, for the proposition that the district court, in the exercise of its discretion under Rule 16(b), also *may* consider other relevant factors, including . . . whether allowing the

amendment of the pleading at this stage . . . will prejudice [the nonmovant].") (emphasis added)). Defendants continue, the "Court's failure to weigh prejudice at this early stage of the litigation warrants reconsideration." *Id.* at 6. Defendants provide, this Court "regularly grants motions brought past the date set in the scheduling order." *Id.* at 7. Yet, what defendants ignore is that this Court never said it did not have the discretion to grant the motion despite the absence of good cause. It merely decided it would not. Declining to apply that discretion does not warrant a reconsideration as it does not amount to clear error.

Further, the Court did, albeit briefly, recognize and discuss that the Court can consider, among other factors, the existence of any prejudice to the nonmovant, but ultimately concluded that the expense and delay weighed against granting leave to file the third-party complaint. *See* Dkt. No. 113 at 8 (quoting *Riggs v. City of Syracuse*, No. 5:25-CV-515 (ECC/MJK), 2026 WL 1704958, at *2 (N.D.N.Y. June 12, 2026) (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007))); Dkt. No. 113 at 9 (citing *Kassner*, 496 F.3d at 244). After determining no good cause, the Court does not commit error if it declines to consider other factors. *See Honeybee Robotics LLC v. Ensign-Bickford Aerospace & Def. Co.*, No. 24-CV-2426 (JPO), 2026 WL 82452, at *3 (S.D.N.Y. Jan. 12, 2026) ("As noted in the Order, although district courts have discretion to 'consider other relevant factors, including, in particular, . . . prejudice [to] defendants,' *Kasser*, 496 F.3d at 244, they are not obligated to do so.") (citing *Lenjo v. Lui*, 17cv7431, 2018 WL 4954101, at *2 (S.D.N.Y. Oct. 12, 2018)). The absence of discussion of some of these factors is also not overlooking the fact that the Court *may* choose to reach these factors even after finding no good cause for the delay. The Court's failure to

discuss this case law or to reach whether the proposed amendments were futile or whether judicial economy would be best served through permitting the third-party complaint are discretionary determinations. Indeed, "[i]n the Second Circuit, 'a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.'" *Id.* at *2 (first quoting *Parker v. Columbia Pictures Indus.*, 204 F. 3d 326, 340 (2d Cir. 2000) (then citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).

Not insignificantly, in their motion to amend, Dkt. No. 93-2, defendants did not cite the case law, nor any other cases grounded in Rule 16 (or Rule 16 itself), that they now direct the Court to in their motion for reconsideration. *See generally Conmed Corp. v. First Choice Prosthetic & Orthopedic Serv., Inc.*, No. 6:21-CV-1245 (BKS), 2023 WL 3647908, at *3 (N.D.N.Y. May 25, 2023) ("[T]he remainder of First Choice's motion [for reconsideration] consists of caselaw and argument which it could have presented to the Court previously but did not.") (citing, *inter alia*, *Navigators Ins. Co. v. Goyard, Inc.*, 623 F.Supp.3d 220 (S.D.N.Y. Aug. 19, 2022)).

As the basis for defendants' motion for reconsideration is solely a disagreement with the Court's discretionary ruling and the Court's discretion is not clear error,[2] defendants have not presented any valid grounds for reconsideration. *See Colodney v.*

---

[2] Insofar as defendants stylize their brief to suggest that interest of judicial economy is a basis for reconsideration, such is plainly not the case. *See* Dkt. No. 116 at 9 (heading: "The August 17, 2026 Order Should Be Set Aside Based upon Clear Error And In The Interest Of Judicial Economy"). *See Shannon*, 519 F.Supp. 2d at 307 ("A motion for reconsideration may be granted upon one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice."). Defendants do not argue manifest injustice nor would an argument be successful had it been made. *See Keir v. Schoeberl*, No. 1:25-CV-056 (ECC/MJK), 2025 WL 520764, at *2 (N.D.N.Y. Feb. 18, 2025) (quoting *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) ("'In the context of a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable.'")).

*Continuum Health Partners, Inc.*, No. 03 CIV. 7276 (DLC), 2004 WL 1857568, at *3 (S.D.N.Y. Aug. 18, 2004) ("A motion for reconsideration cannot be granted, however, solely on a party's disagreement with the Court's ruling."). Rather, defendants' motion seeks to relitigate issues already decided. Since this Court was not required to consider the factor of judicial efficiency – indeed, it did consider prejudice, albeit briefly – after finding no good cause existed, its failure to continue its analysis is not a clear error.

## IV. **Conclusion**

Wherefore, for the reasons set forth herein, defendants' motion fails to present any viable basis for reconsideration. Accordingly, defendants' motion for reconsideration, Dkt. No. 116, of the Court's August 17, 2026, Decision & Order is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 13, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge